IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NOAH K. LUNING,<br><br>        Plaintiff,<br><br>    vs.<br><br> HAWAII DEPARTMENT OF<br>EDUCATION,<br><br>        Defendant. | CIV. NO. 26-00149 HG-RT<br><br><br>FINDINGS AND<br>RECOMMENDATION TO DENY<br>APPLICATION TO PROCEED IN<br>DISTRICT COURT WITHOUT<br>PREPAYING FEES OR COSTS |

**FINDINGS AND RECOMMENDATION TO DENY
APPLICATION TO PROCEED IN DISTRICT COURT
WITHOUT PREPAYING FEES OR COSTS**

On March 27, 2026, Plaintiff Noah K. Luning ("Plaintiff") filed an

*Application to Proceed in District Court Without Prepaying Fees or Costs* ("IFP

Application"), which is now before the Court.  ECF No. 3.  The *IFP Application*

will be decided without a hearing pursuant to Rule 7.1(d) of the *Local Rules of*

*Practice for the United States District Court for the District of Hawaii*.

After careful consideration of the *IFP Application*, records and files in this

case, and applicable law, the Court **RECOMMENDS** that the district court **DENY**

the *IFP Application*.

## DISCUSSION

Plaintiff is a pro se litigant and as such, the Court shall construe Plaintiff's pleadings and motions liberally.  *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).  The Court may authorize Plaintiff to prosecute this case without the prepayment of fees if an affidavit is submitted stating that Plaintiff is unable to pay the required fees.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life).  However, the affidavit must clearly set forth the applicant's financial status.  A litigant "need not be absolutely destitute[,] . . . [but] must allege poverty 'with some particularity, definiteness and certainty.'"  *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

"IFP status is a privilege, not a right . . . "  *Mansour v. Side St. Inn*, Civ. No. 24-00518 SASP-WRP, 2025 WL 408393, at *1 (D. Haw. Jan. 10, 2025), *report and recommendation adopted*, Civ. No. 24-00518 SASP-WRP, 2025 WL 405035 (D. Haw. Feb. 5, 2025) (quoting *Ruggles v. Ige*, Civ. No. 20-00247 DKW-KJM, 2020 WL 8838243, at *2 (D. Haw. June 17, 2020) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999)).  "It is within the court's discretion to deny an application for *in forma pauperis* status if the applicant is unable or unwilling to

verify his poverty." *Id*. (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

In this case, Plaintiff claims an income of $2,500.00 per month, total monthly expenses of $3,100.00, two minor dependents and no income from Plaintiff's spouse.  It is not possible for Plaintiff to survive with monthly expenses that far exceed Plaintiff's income.  Moreover, Plaintiff indicates that there are no anticipated changes to Plaintiff's monthly income and expenses, and assets or liabilities within the next 12 months.  ECF No. 3 at PageID.11.  While there are instances where individuals may be in dire financial circumstances, the Court notes that there are inconsistencies in the *IFP Application* that leads the Court to believe that Plaintiff may not be forthright about Plaintiff's finances.  For example, Plaintiff claims a monthly motor vehicle payment of $400.00; however, there are no insurance payments indicated in the *IFP Application*, and the *IFP Application* does not list a motor vehicle as an asset.  *Id*. at 9-10.  The Court thus concludes that Plaintiff has not been truthful in the *IFP Application*.  Accordingly, the Court recommends that the *IFP Application* should be **DENIED**.

The Court cautions Plaintiff that failure to be truthful on a renewed application will result in the Court recommending dismissal of this action.  28 U.S.C. § 1915(e)(2)(A).

3

## CONCLUSION

Based on the foregoing, the Court recommends that the *IFP Application* be

**DENIED** without prejudice, and Plaintiff be given the opportunity to either file

another application or pay the required filing fee.  Plaintiff shall not file another

application until Plaintiff receives instructions from the district court.  Plaintiff

shall comply with the district court's orders and the deadlines set by the district

court.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, April 30, 2026.



Rom A. Trader
United States Magistrate Judge

Civ. No. 26-00149 HG-RT;  *Noah K. Luning, vs. Hawaii Department of Education*;  Findings and Recommendation to Deny Application to Proceed in District Court Without Prepaying Fees or Costs